UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

RAY LEE CHESTANG,

        Defendant.
_____/

NO. CR. S-06-0071 KJM

ORDER

        Movant has filed a motion to vacate sentence under 18 U.S.C. § 3582(c)(2), which the court construes as a motion to reduce sentence. Movant argues that the Fair Sentencing Act of 2010 (FSA) and subsequent amendment of the U.S. Sentencing Guidelines Manual (U.S.S.G.) permit the court to reduce his term of imprisonment. The government has filed an opposition. For the following reasons, plaintiff's motion is hereby denied.

I.    Background

        On February 22, 2006, movant was indicted on one count of violating 21 U.S.C. § 841(a)(1) for possession of 45.9 grams of cocaine base with intent to distribute. He entered a plea of guilty to the charge on April 16, 2007, in accordance with a written plea agreement. The agreement stipulated that the government could recommend a reduction of movant's sentence by up to 50 percent based on U.S.S.G. § 5K1.1. (Plea Agreement (Docket No. 35) at 5-6.) The agreement also stipulated that, should movant qualify as a career offender, his base offense level

would be determined by U.S.S.G. § 4B1.1; otherwise it would be determined by U.S.S.G. § 2D1.1. (*Id*. at 8-9.)

On September 17, 2007, the United States Probation Office submitted a final revised presentence report finding that movant qualified as a career offender under U.S.S.G. § 4B1.1. (Advisory Guideline Presentence Investigation Report at 5 (on file with Probation Office).) Movant received a three-level reduction for acceptance of responsibility and assistance to authorities. (*Id*. at 5-6.) Because movant qualified as a career offender with a criminal history of VI and total offense level of thirty-one, his guideline range was 188 to 235 months. Probation recommended the low end of the range, 188 months. (*See id*. at 14.)

Movant returned to court for sentencing on February 25, 2008. (Docket No. 58 (minutes).) Granting the government's motion based on U.S.S.G. § 5K1.1, the district judge sentenced movant to a 103-month term of imprisonment, 45 percent below the recommended 188-month term, with a five-year term of supervised release. (*See id*.) Movant was sentenced as a career offender as defined in U.S.S.G. § 4B1.1. Written judgment was entered on February 29, 2008, reflecting the sentence pronounced in open court. (J. and Commitment (Docket No. 59).) Movant did not appeal from this judgment.

On August 3, 2010, the FSA was passed into law. Pub. L. No. 111-220, 124 Stat. 2372. The FSA amended 21 U.S.C. § 841 by increasing the threshold quantities of crack cocaine used to determine statutory sentencing minima and maxima. *Id*. at § 2(a). In effectuating the statutory amendment, the United States Sentencing Commission both amended the sentencing guideline ranges under U.S.S.G. § 2D1.1 and allowed courts to retroactively reduce terms of imprisonment altered by the FSA beginning November 1, 2011. U.S.S.G. App. C, vol. 3, amend. 750 (2011) (amending § 2D1.1 sentencing guideline ranges); U.S.S.G. App. C, vol. 3, amend. 759 (2011) (retroactively applying changes in Amendment 750 Part A and Part C).

On November 28, 2011, movant filed the pending motion to vacate sentence. (Docket No. 60.) It raises the following ground: the FSA reduced the sentencing guideline range for movant's offense and the new guideline range should be applied retroactively to reduce

/////

1  movant's term of imprisonment. *Id*. The government's opposition, filed July 12, 2012, argues
2  movant's motion must be denied given his status at the time of sentencing as a career criminal.
3  II.     Discussion
4        Title 18, section 3582 of United States Code provides in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10 is the policy statement issued by the Sentencing Commission applicable to this case. Subsection (a)(2) of that section explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2011).

U.S.S.G. Amend. 750, Reason For Amendment Part A, provides a non-exhaustive list of categories of crack cocaine offenders who are ineligible for a reduced sentence based on the FSA. U.S.S.G. App. C, vol. 3, amend. 750 (2011). Included in that list are career offenders with sentences based on § 4B1.1, because the sentencing guideline ranges applicable under § 4B1.1 were not lowered by the amendment. *Id*.

In considering the instant motion, the analogous case of *United States v. Nunez*, 2012 WL 2143009 (11th Cir. 2012), is instructive. In *Nunez*, the movant, who had been convicted of distribution of crack cocaine under 21 U.S.C. § 841(a)(1), argued for a reduced sentence based on U.S.S.G. Amendment 750. *Id*. at *1. The movant had been sentenced as a career offender based on U.S.S.G. § 4B1.1, with a criminal history category of VI and total offense level of thirty-seven. *Id*. Unlike movant in this case, the movant in *Nunez* had not received the benefit of a § 5K1.1 downward departure; however, as discussed below, this distinction is immaterial in this case. The court held that 18 U.S.C. § 3582(c)(2) did not

/////

authorize a reduction in sentence because the sentencing guideline range used by the court, the range provided by § 4B1.1, was not lowered by Amendment 750. *Id*.

Although the issue of downward departure was not considered in *Nunez*, the Ninth Circuit has considered whether a sentence avoids qualifying as based on § 4B1.1 for the purposes of 18 U.S.C. § 3582(c)(2) if the original sentencing judge departed below the minimum sentence based on application of § 4B1.1. *See United States v. Wesson*, 583 F.3d 728, 732 (9th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 2071 (2010). In *Wesson,* the Ninth Circuit held that a downward departure from a § 4B1.1 sentencing range does not affect the fact that a sentence is based on § 4B1.1, if the departure is not based on a guideline altered by a relevant retroactive amendment. *See id*. In this case, the original downward departure was premised on a reduction allowed by § 5K1.1 and not § 2B1.1, the guideline altered by Amendment 750. Movant in this case does not qualify to have his sentence further reduced or vacated, because his sentence reflects his § 4B1.1 career offender status and the § 4B1.1 sentencing guideline ranges were not altered by Amendment 750 in implementing the FSA.

Accordingly, IT IS HEREBY ORDERED that movant's November 28, 2011 motion is denied.

DATED: July 13, 2012.

_____
UNITED STATES DISTRICT JUDGE